UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim No. 13-CR-10292-MLW |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT BURTON | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO
AMEND CONDITIONS OF RELEASE**

The government files this response to the defendant's motion to amend conditions of release, Dkt. No. 47, to point out inconsistencies in representations made to the Pre Trial Services officer in this case. The government understands that, in connection with the Court's Order on this matter, Pre Trial Services is interviewing four proposed third party custodians to replace the defendant's parents in that capacity. The government will wait until that process is complete to determine its position on the motion to amend and, at the February 4 hearing in this matter, also will make a recommendation as to how the defendant's violation of his release conditions should be addressed.

As the Court is aware, the defendant initially was detained and released only after the defendant proposed, and the Court imposed, a series of strict conditions, including the fact that his parents act as third party custodians. Indeed, in the government's view, their role as custodians was critical because the defendant had a proven track record of misleading courts (the bankruptcy court in particular) and had misled Pre Trial Services as well. In short, a third party

1

custodian was required to insure that the defendant complied with his release conditions because there were grave concerns about his veracity, making him otherwise very difficult to supervise.

Now, the defendant comes to the Court after the fact—specifically, after he was in violation of his release conditions—to advise that his parents cannot serve as third party custodians.  The timing here is concerning in that his father apparently expressed concerns about his ability to stay in Massachusetts on January 7, a fact of which the defendant must have been aware.  But rather than seeking a modification of his conditions at that time, the defendant waited until after his father left to contact Pre Trial Services and to seek the modification.  Likewise, although, on January 13, his mother expressed her intention to come to Massachusetts to fulfill her custodial obligations, as of the Pre Trial Services report on January 16 she had no arrival date.

Indeed, it is hard to know what is really going on here.  When Pre Trial Services spoke to the defendant's father on January 7, he told the officer that he was having a difficult time with his wife in North Carolina and that he did not like the cold weather.  In the motion to amend, however, the defendant claims that both of his parents have health issues.  This is not the first time that the defendant claimed that at least one of his parents is in poor health.  Initially, he claimed that his mother suffered from some form of dementia.  When his mother was interviewed by Pre Trial Services, however, she claimed that she did not suffer from dementia.  And then, when she spoke to the Pre Trial Services officer on January 13, the defendant's mother did not tell the officer about any health issues that would prevent her from acting as a custodian.

It is hard to know what to believe now.[1]

The government understands that the actions at issue here are not solely those of the defendant, but they do involve the people he proposed as custodians in the first place. The fact that they would so blatantly ignore the Court's order is troubling. Moreover, it is not possible to know what is really happening here and why they can no longer fulfill their obligations.

---

[1] Of course, at the outset of this case, the defendant also claimed to Pre Trial Services that he had no contact with his family, which made it surprising when his parents later agreed to travel to Massachusetts and take on the role of third party custodians.

Again, the government is not now recommending that the defendant be revoked, nor is it prepared to take a position on any of the four custodians that have now been proposed because Pre Trial Services is still in the process of interviewing them. That said, as the Pre Trial Services officer noted in his petition, this incident raises concerns about the defendant's current release plan. It is not at all clear that, after the foregoing, and in light of the defendant's previous actions in this and other cases, he should remain on release.

        Respectfully submitted,

        CARMEN M. ORTIZ

By:   */s/ Sarah E. Walters*
      Sarah E. Walters
      Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: January 31, 2014

    */s/ Sarah E. Walters*
    SARAH E. WALTERS