

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 19, 2014

Oscar Cruz, Esq.
Office of the Federal Defender
51 Sleeper Street
Boston, MA 02210

    Re:    United States v. Robert Burton
            Criminal No. 13-10292-MLW

Dear Mr. Cruz:

      This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Robert Burton ("Defendant"), in the above-referenced case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

      At the earliest practicable date, but in any event no later than August 21, 2014, Defendant shall plead guilty to all counts in which he is named in the above-referenced Second Superseding Indictment: Counts 1-5, charging him with securities fraud, in violation of 15 U.S.C. §§78j(b) and 78ff and 17 C.F.R. §240.10b-5; Counts 6-7, charging him with procuring false tax returns, in violation of 26 U.S.C. §7206(2); and Counts 8-11, charging him with subscribing false tax returns, in violation of 26 U.S.C. §7206(1). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts 1-11 of the Second Superseding Indictment, did so knowingly, intentionally and willfully, and is in fact guilty of those offenses.

2. <u>Penalties</u>

Defendant faces the following maximum penalties on each count of the Second Superseding Indictment: on Counts 1-5, incarceration for 20 years; supervised release for three years; a fine of $5 million or twice the gross loss to the victim, or twice the gross gain, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Second Superseding Indictment; on Counts 6-11, incarceration for three years, supervised release for one year, a fine of $100,000 and the costs of prosecution, and a mandatory special assessment of $100.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Agreement, the U.S. Attorney may deem the Agreement null and void. Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree with respect to the application of the USSG to the following calculation of the total adjusted offense level:

*Fraud Guidelines: Counts 1-5 (Group 1)*

- in accordance with USSG §2B1.1(a)(1), Defendant's base offense level is seven, because the offenses to which he is pleading guilty have a statutory maximum penalty of 20 years;

2

- in accordance with USSG §2B1.1(b)(1)F), Defendant's offense level is increased by ten, because Defendant's conduct resulted in a loss of more than $120,000 but less than $200,000;

- in accordance with USSG §2B1.1(b)(19), Defendant's offense level is increased by four, because, the offenses involved a violation of securities law and, at the time of the offenses, Defendant was acting as an investment adviser;

*Tax Guidelines: Counts 6-11 (Group 2)*

- in accordance with USSG §§2T1.1(a), 2T1.4, and 2T4.1(G), Defendant's base offense level is 18, because Defendant's conduct resulted in a tax loss of more than $200,000 and less than $400,000.

*Grouping*

- in accordance with USSG §3D1.2, the fraud and tax counts do not group.

- in accordance with USSG §3D1.4(a), each Group results in one unit, for a total of two units.

- in accordance with USSG §3D1.4 2B1.1, two levels is added to Group 1, which has the highest offense level.

*Acceptance of Responsibility*

- in accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by three.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

(a)  Fails to admit a complete factual basis for the plea;

(b)  Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

3

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a) incarceration or other confinement for a period between 12 months and 24 months, the sentence to be imposed upon Defendant within this range being within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. §3553(a);

(b) a fine of $7,500;

(c) 36 months of supervised release;

(d) a mandatory special assessment of $1,100;

(e) restitution of $159,500, with at least $50,000 to $100,000 to be paid at or before sentencing, and 25% of future earnings to be paid thereafter until the restitution obligation is satisfied in full; and

(f) forfeiture as set forth in Paragraph 10.

The parties agree jointly to recommend that the Court order restitution to the Internal

Revenue Service ("IRS") in an amount not less than $278,132.

During the term of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later:

    (i)    cooperate with the Examination and Collection Divisions of the IRS;

    (ii)    provide the Examination Division with all financial information necessary to determine Defendant's prior tax liabilities;

    (iii)    provide the Collection Division with all financial information necessary to determine Defendant's ability to pay;

    (iv)    file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    (v)    make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

6.     <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.     <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

    (a)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $1,000; and

    (b)    Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $2,000 per month.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Second Superseding Indictment are satisfied in full.

5

Defendant further agrees to complete truthfully and accurately the sworn financial statement enclosed with this Agreement and to deliver that statement to the U.S. Attorney within 30 days of signing this Agreement.

8. **Waiver of Right to Appeal and to Bring Future Challenge**

    (a) Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582(c). Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

    (b) Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise) such as pursuant to 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582. The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case,–Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241. Defendant also waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Agreement, the parties intend that Defendant will receive the benefits of the Agreement and that the sentence will be final.

    (c) The U.S. Attorney agrees that she will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d) Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

9. **U.S. Probation Office Not Bound By Agreement**

The sentencing disposition agreed upon by the parties and their respective calculations under the USSG are not binding upon the United States Probation Office.

10. **Forfeiture**

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following: $159,500. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offenses charged in Counts One through Five of the Second Superseding Indictment. Defendant agrees to consent to the entry of orders of forfeiture for such property, including the entry of an order of forfeiture in the form of a personal money judgment, and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding. To assist the United States in locating and forfeiting assets, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from January 25, 2007 to the present. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney

Defendant also agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

11.  **Information For Presentence Report**

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

12.  **Civil Liability**

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI, the IRS or any investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

13.  **Withdrawal of Plea By Defendant or Rejection of Plea by Court**

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

14.  **Breach of Agreement**

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's

execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant understands that his breach of an obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

15. **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. **Complete Agreement**

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Sarah E. Walters.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES D. HERBERT
Deputy Chief, Criminal Division

9

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter[, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Robert Burton
Defendant

Date: 8/19/2014

I certify that Robert Burton has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
Oscar Cruz
Attorney for Defendant

Date: 8/19/14

10