UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim No. 13-CR-10292-MLW |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT BURTON | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

**OPPOSITION TO DEFENDANT'S MOTION TO
AMEND CONDITIONS OF RELEASE**

The government opposes the defendant's Motion to Amend Conditions of Release, Dkt. No. 85. By way of this Motion, the defendant seeks to eliminate a critical condition—specifically, an electronically monitored curfew—at the same time he intends to plead guilty to the crimes with which he is charged. As contemplated by the plea agreement, if accepted by the Court, the defendant faces up to two years incarceration, which prison term—if imposed—likely would begin by the end of the year. Beyond the two months during which he was detained when first charged in this matter, the defendant has never spent any time in prison. The possibility of a two year term, therefore, is not insignificant. This is not the time to eliminate conditions that were put in place to insure the defendant's appearance in Court, including any future sentencing hearing.

Nor does the defendant articulate any compelling reason why the provision should be removed. He contends that he has been compliant since he was revoked last January. But several months of compliance is not a basis for removing conditions, especially at this stage of

the proceedings. He contends that he needs to continue to work, as he has been, in order to make the required restitution payments. At the defendant's request, however, the electronically monitored curfew has been tailored so as to allow him to work and there is no indication that it has interfered with his ability to do so. Under these circumstances, there is no basis to remove the electronic monitoring or curfew conditions.

For the foregoing reasons, the government respectfully requests that the defendant's Motion be DENIED and requests that all of the conditions of release currently in place remain, even if the defendant pleads guilty to the above-captioned Second Superseding Indictment.

Respectfully submitted,

CARMEN M. ORTIZ

By:   /s/ Sarah E. Walters
Sarah E. Walters
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: August 21, 2014

/s/ Sarah E. Walters
SARAH E. WALTERS