UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 13-10292-MLW

UNITED STATES OF AMERICA

v.

ROBERT BURTON

**ORDER REVOKING PRETRIAL RELEASE**

Boal, M.J.

The defendant, Robert Burton, has pled guilty to securities fraud in violation of 15 U.S.C.

§§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5; procuring false tax returns in violation of 26

U.S.C. § 7206(2); and subscribing false tax returns in violation of 26 U.S.C. § 7206(1).  A

sentencing hearing is scheduled for November 13, 2014.

After a detention hearing, Burton was originally detained pending trial based in part on

his lack of candor with the Pretrial Services Officer.  Docket No. 16.  The Court granted the

defendant's motions for reconsideration of the Court's order of detention and released him on

conditions on November 4, 2013.  Docket No. 35.  The defendant's release conditions included a

$25,000 secured bond and a curfew from 8:00 p.m. to 6:00 a.m.  Id.  The curfew was later

modified to 12:00 a.m. to 6:00 a.m.  Docket No. 69.  The defendant further filed a motion to

modify his conditions of release to remove the curfew requirement, which was denied.  Docket

No. 91.

On October 1, 2014, Pretrial Services filed a memorandum notifying the Court that the

defendant had violated his curfew.  On September 30, 2014, Pretrial Services received

notification at 12:30 a.m. that the defendant failed to return to his residence as required.

Multiple calls to the defendant's landline and cell phone were unsuccessful.  The Pretrial

Services Officer spoke with the defendant's third-party custodian, who advised that he was

unaware of the defendant's location.  The Pretrial Services Officer received a call from the

defendant at 1:36 a.m.  At that time, defendant stated that he had been home asleep since 10:00

p.m.  After further questioning, the defendant stated that he was lying and that he had just

returned to his residence.  He stated that he was out having dinner and had lost track of time.

The defendant made his initial appearance on October 1, 2014, at which time the

government moved to revoke pretrial release.  This Court held a hearing on the issue of

revocation of pretrial release at that time.

"A person who has been released under section 3142 of [Title 18], and who has violated a

condition of his release, is subject to a revocation of release, an order of detention, and a

prosecution for contempt of court."  18 U.S.C. § 3148(a).  The Court shall enter an order of

revocation and detention if, after a hearing, the Court finds that (1) "there is clear and convincing

evidence that the person has violated any other condition of release;" and (2) "there is no

condition or combination of conditions of release that will assure that the person will not flee or

pose a danger to the safety of any other person or the community," or "the person is unlikely to

abide by any condition or combination of conditions of release."  18 U.S.C. § 3148(b).

At the October 1, 2014 hearing, the defendant conceded that he had violated his

conditions of release.  The defendant's violation of his curfew is troubling.  However, it is more

troubling that he originally lied to the Pretrial Services Officer about it.  The Court originally

ordered the defendant detained because, among other things, his lack of credibility and candor

with Pretrial Services made it more likely that he would be difficult to supervise and would not

comply with Pretrial Services directives.  Docket No. 16 at 4-5.  Moreover, the Court was

particularly concerned about Burton's statements regarding the location of his passport.  He told

Pretrial Services he was unaware of the location of his passport and that he believed that his

girlfriend packed it up when she moved out of the house.  However, he had recently traveled to

the Dominican Republic in June 2013.  The Court stated that "[u]nder the circumstances, the

Court could not consider release unless the passport was found and surrendered to Pretrial

Services."  Docket No. 16 at 5.

After the Court detained him, Burton stated that his passport had been found and that he

was willing to surrender it to Pretrial Services.  Burton's girlfriend stated to Pretrial Services that

Burton directed her to his residence where she obtained it from his office.  Despite the Court's

reservations regarding Burton's inconsistent statements about the location of his passport, the

Court decided to release him on strict conditions.

Burton's release has not been without incident.  On February 4, 2014, the Court found

that he had violated his conditions of release but that additional conditions could be fashioned.

Docket No. 51.  Now, Burton has again violated his conditions of release.  In light of his past

lack of candor, Burton's most recent violation of his release conditions and his misrepresentation

to Pretrial Services, the Court finds that he is unlikely to abide by any condition or combination

of conditions of release.  Accordingly, the Court orders Burton detained.[1]

---

[1] The Court also notes that on September 30, 2014, the U.S. Bankruptcy Court for the District of Massachusetts issued an order finding Burton in civil contempt and ordering the U.S. Marshals Service to apprehend and incarcerate Burton until such time as he complied with the Bankruptcy Court orders.  While the Court has not relied on the Bankruptcy Court's Order in making its decision, it is likely that Burton would be held for some period of time pursuant to that Order even if this Court released him.

3

ORDER OF DETENTION

In accordance with the foregoing memorandum, IT IS ORDERED that:

1.  Robert Burton be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  Robert Burton be afforded a reasonable opportunity for private consultation with counsel; and

3.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Robert Burton is detained and confined shall deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

          /s/ Jennifer C. Boal
          JENNIFER C. BOAL
Date: October 3, 2014      United States Magistrate Judge