UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim No. 13-CR-10292-MLW |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT BURTON | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

**OPPOSITION TO DEFENDANT'S MOTION
FOR RECONSIDERATION OF DETENTION ORDER**

The government opposes the defendant's Motion for Reconsideration of Detention Order, Dkt. No. 109. The defendant, Robert Burton, is seeking release on the grounds that (1) he is no longer detained by the Bankruptcy Court; and (2) it will be easier for him to satisfy his restitution obligations if he is not detained. Neither ground warrants his release.

As set forth in this Court's October 3, 2014 Order revoking the defendant's pre-trial release, Burton's most recent violation—in which he violated his curfew and then initially misled the Pre-Trial Services Officer regarding his whereabouts—is also not his first. Indeed, his efforts to mislead Pre-Trial Services are part of a pattern beginning immediately following his arrest at which time he made a series of inconsistent statements regarding, among other things, the location of his passport. Despite the Court's reservations regarding the defendant's lack of candor, and following an initial period of detention, the Court released the defendant on strict conditions, which he soon violated. Especially in light of the defendant's multiple violations and his repeated misrepresentations to Pre-Trial Services, this is not the time—two weeks before his

1

sentencing hearing—to release him.

Nor does the fact that the Bankruptcy Court has released the defendant have any bearing whatsoever on the analysis here. In determining whether to release the defendant, the Bankruptcy Court considered whether the defendant had (finally) complied with a series of orders in a bankruptcy proceeding; not, as this Court must, whether the defendant is likely to abide by any condition or combination of conditions of release in this case. The defendant has proven that he will not.

Lastly, the defendant's purported desire to make restitution payments does not justify his release. According to the defendant, he has amassed approximately $27,000, or just over half of the minimum payment that he agreed to make prior to his sentencing hearing. He claims that he needs to sell certain assets to raise additional funds to make the remaining payment, and argues that the only way that he can possibly effectuate such a sale is if he is released from prison. This claim—like so many others the defendant has made—is not credible. As an initial matter, more than six weeks passed between the time the defendant agreed to the restitution payment and his detention. If the sale of these assets was really critical to defendant's ability to satisfy his obligations, presumably he began the process of such a sale back in August. Moreover, the defendant has able counsel in this case who can assist with the preparation of any documents necessary to sell assets in the two weeks before the sentencing hearing. The defendant also has family that, at least initially, acted as his custodian. Between his counsel and his family, in addition to any other resources unknown to the government, the defendant can sell his assets, if

that is really his intention.[1]

In short, the defendant has provided no new information regarding his veracity, which is the only issue relevant to the detention decision in this case.  Nothing has changed since the Court's October 3 Order, other than the fact that the defendant is closer to sentencing.  There remains no set of conditions that will assure the defendant's appearance in this case because the defendant has demonstrated, repeatedly, a willingness to mislead the Pre-Trial Services Officer.

For the foregoing reasons, the government respectfully requests that the defendant's Motion for Reconsideration of Detention Order be DENIED.[2]

                                            Respectfully submitted,

                                            CARMEN M. ORTIZ

By:    */s/ Sarah E. Walters*
        Sarah E. Walters
        Assistant U.S. Attorney

---

[1] In his Motion, the defendant states that the government has "endorsed" the sale of a purported "debt portfolio."  To be clear, consistent with paragraph seven of the plea agreement in this case, the undersigned Assistant U.S. Attorney advised defense counsel that the defendant may sell assets as necessary to satisfy his restitution obligations.  The government has not, however, "endorsed" the sale of any particular asset.  The government is not familiar with the debt portfolio referenced in the defendant's Motion, nor is it familiar with the terms of any purported sale.

[2] In his Motion, the defendant also seeks a hearing on this matter as soon as possible.  As the government has advised both defense counsel and the deputy clerk, the undersigned Assistant U.S. Attorney is out of town on a pre-planned trip tomorrow and Monday and is generally available to appear for a hearing beginning the morning of Tuesday, December 9.  In light of the somewhat lengthy history regarding the issue of release in this case, the undersigned respectfully requests that she be permitted to handle any hearing on this matter.

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 4, 2014

                                      */s/ Sarah E. Walters*
                                      SARAH E. WALTERS