UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim No. 13-CR-10292-MLW |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT BURTON | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

## GOVERNMENT'S MEMORANDUM REGARDING
## DEFENDANT'S POST-CONVICTION FILINGS

In an abundance of caution, the government files this memorandum to advise the Court of the government's position as to the status of the defendant's myriad of post-conviction pleadings. In the government's view, most—if not all—of the pleadings are not properly filed and none require a response from the government at this time.

Since pleading guilty and being sentenced on December 22, 2014, the defendant, who has been representing himself *pro se*, has filed approximately 20 documents, including but not limited to, a motion to vacate a portion of his sentence, a notice of appeal, motions for discovery, and a variety of motions and memoranda that reference 28 U.S.C. §2255 but that do not appear to actually be in the form of a petition filed under that section. Most recently, the defendant filed a motion for new trial (despite the fact that he pleaded guilty) and a motion to dismiss an administrative proceeding filed by the Securities and Exchange Commission. To date, as set forth below, and in an abundance of caution, the government has filed responsive pleadings to two documents.

1

Specifically, the government filed an Opposition to the defendant's Motion to Vacate Part of Sentencing Order, in which the defendant requested that the Court vacate that portion of the Order which required an immediate restitution payment (one that that the defendant has not yet made).  <u>See</u> Dkt. No. 126, Motion to Vacate Part of Sentencing Order and Dkt. No. 128 Government's Opposition to Motion to Vacate Part of Sentencing Order.  Thereafter, the government opposed the defendant's Motion to Compel Discovery, which he filed purportedly in connection with a Motion to Vacate Under 28 U.S.C. §2255.  <u>See</u> Dkt. No. 143, Motion to Compel Discovery From Government and Dkt. No. 145, Government's Response to Motion to Compel Discovery From Government.   That said, at the time he filed the Motion for Discovery, no Motion to Vacate Under 28 U.S.C. §2255 was pending.[1]  In fact, at the time, this matter was on appeal.  Docket Number 137, entitled Amended Motion to Vacate Under 28 U.S.C. 2255, appears most like what is required when seeking relief under Section 2255, but at the time it was filed the appeal was still pending.  The appeal has since been dismissed.

Even if Docket Number 137 is deemed a properly filed motion for relief under 28 U.S.C. §2255, the Court has yet to conduct a preliminary review of the motion and has yet to have the opportunity to decide whether the government must respond.  <u>See</u> Rule 5(a) of the Rules Governing Motions Under 28 U.S.C. §2255 ("The respondent is not required to answer the motion unless a judge so orders").  As a result, the government is not required to respond.

---

[1] Although Docket No. 132 is identified as "Motion to Vacate Under 28 U.S.C. 2255," the underlying document is entitled  Appellant's Motion Requesting the District Court to Order Federal Public Defenders Office and United States Attorney's Office to Relinguish [sic] Control of All Evidence, Attorney-Client Work Product, and all Discovery and Provide to Appellant Relating to Criminal Docket Number 13CR10292.

Likewise, the recently filed Motion for New Trial, Dkt. No. 156, purportedly filed under Federal Rule of Criminal Procedure 33, is misplaced.  The defendant pleaded guilty and therefore is not entitled to file a Rule 33 motion which applies only to defendants who went to trial.  See United States v. Lambert, 603 F.2d 808, 809 (10th Cir. 1979) ("[T]he validity of a guilty plea cannot be questioned by way of a motion for new trial").  In short, other than a motion under 18 U.S.C. §2255, the Court is without jurisdiction to consider any of the other of the defendant's myriad of pleadings.  Moreover, at this point, the government is not required to, and is not in a position to, respond to the defendant's multitude of filings.

Respectfully submitted,

CARMEN M. ORTIZ

By:   /s/ Sarah E. Walters
Sarah E. Walters
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). I further certify that a copy of this document is being sent, via First Class Mail, to the defendant Robert Burton #95502-038, Federal Medical Center – Devens, PO Box 879, Ayer MA 01432.

Dated: November 18, 2015

/s/ Sarah E. Walters
SARAH E. WALTERS

3