UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BURTON,<br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>)<br>) C.A. No. 15-11826-MLW<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                January 17, 2017

On August 21, 2014, petitioner Robert Burton pled guilty to securities fraud, procuring false tax returns, and subscribing false tax returns. On December 22, 2014, the court sentenced him to serve 48 months in custody and 3 years on Supervised Release, and to pay $159,500 in restitution and a $7,500 fine. See Docket No. 125. Burton has moved to vacate his conviction under 28 U.S.C. §2255 (Docket No. 137)[1] and for discovery (Docket Nos. 130, 142, 143). He also filed a Motion for a New Trial (Docket No. 156) and a Motion to Amend the Sentence and Correct the Restitution Amount

---

[1] On April 20, 2015, Burton filed a document docketed as a "Motion to Vacate under 28 U.S.C. §2255," which did not state any grounds for such a motion, but instead requested certain items of discovery. See Docket No. 132. On May 19, 2017, he filed an Amended Motion to Vacate that stated the grounds for his motion. See Docket No. 137.

(Docket No. 162). Pursuant to Rule 4(b) of the Rules Governing §2255 Proceedings, the court is ordering the government to respond to the Motion to Vacate.

However, the Court is denying the Motion for a New Trial. Rule 33 of the Federal Rules of Criminal Procedure, which authorizes motions for a new trial, applies only in cases in which a trial has taken place. See United States v. Graciani, 61 F. 3d 70, 78 (1st Cir. 1995). Therefore, the petitioner may not use a motion for New Trial to challenge his guilty plea. See id.

The court is also denying, in part, the Motion to Amend the Sentence and Correct the Restitution Amount. Petitioner argues that newly discovered evidence, testimony during a proceeding before the Securities and Exchange Commission, shows that at least one of the alleged victims received reimbursement before petitioner was indicted and, therefore, that the court overvalued amount of loss when calculating the petitioner's sentencing guideline range. See Docket No. 162 at 2. Petitioner requests that the court revise the sentence and reduce the restitution amount.

Petitioner does not cite any authority for his request for a reduction of the restitution amount and pleads no facts that would entitle him to such a reduction. He did not move for correction of an arithmetical, technical, or other clear error within 14 days after his sentencing. See F. R. Crim. P. 35. Nor does he allege a clerical error or an error in the record based on an oversight or

2

omission, see F. R. Crim. P. 36, a material change in [his] economic circumstances that might affect [his] ability to pay, see 18 U.S.C. §§3572(d)(3), 3664(k), or any other facts that would entitle him to such a reduction. See 18 U.S.C. §3664(o); United States v. Petrarca, 2015 WL 458170, *1-2 (D. R. I. 2015); United States v. Pelletier, 382 F. Supp. 2d 160, 161 (D. Me. 2005).

In addition, although newly discovered evidence can be grounds for a Motion to Vacate under 28 U.S.C. §2255, §2255 does not authorize the court to grant relief from a restitution order. See United States v. Chorney, 453 Fed. App'x 4, 8 (1st Cir. 2011)("[A] §2255 petition...does not provide relief to those 'merely claiming the right to a reduced restitution order'")(citing Smullen v. United States, 94 F. 3d 20, 25 (1st Cir. 1996)). This is true even if the petitioner is also challenging a sentence of imprisonment. See Kaminski v. United States, 339 F. 3d 84, 87-88 (2nd Cir. 2003)("Nearly every circuit to consider the issue has concluded that an order of restitution may not be attacked in a §2255 petition, even if the petition also alleges error in the sentence of imprisonment."). Accordingly, the court is denying the Motion to Amend to the extent that it requests a reduction of the restitution order.

The Motion to Amend also requests a revision of Burton's sentence of imprisonment and Supervised Release based on the alleged new evidence of a lower loss amount. In the Motion to

3

Amend, petitioner cites no authority in support of his request for a lower sentence on any such ground. However, as petitioner is pro se, the court liberally construes the request as a Motion to Amend his §2255 Motion to Vacate to include a claim that the imposition of a sentence based on an inaccurate financial loss calculation constituted a miscarriage of justice. See Erikson v. Pardus, 551 U.S. 89, 94 (2007)("A document filed pro se is to be liberally construed."); Barreto-Rivera v. United States, 887 F. Supp. 2d 347, 353 (D.P.R. 2012)(citing Knight v. United States, 37 F. 3d 769 (1st Cir. 1994))(discussing circumstances in which a misapplication of the sentencing guidelines constitutes a ground for relief under 28 U.S.C. §2255); Ajemian v. United States, 171 F. Supp. 3d 206, 215 (S.D.N.Y. 2016)(granting evidentiary hearing on §2255 petition based on evidence that court applied wrong guideline range at sentencing because government misrepresented amount of financial loss resulting from fraud to which defendant pled guilty).

In view of the foregoing, it is hereby ORDERED that:

1. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Clerk of this Court shall serve a copy of the Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 137) upon the office of the United States Attorney.

2. The government shall respond within 20 days of the receipt of this Order. The response shall include a statement

4

notifying this Court of the existence of any victim or victims as defined by 18 U.S.C. §3771.

3. Petitioner's Motion to Amend the Sentence and Correct the Restitution Amount (Docket No. 162) is DENIED to the extent that it requests a reduction in the amount of restitution ordered. However, the government's response shall address whether petitioner should be allowed to amend his §2255 petition with the claim, described in the motion (Docket No. 162), that newly discovered evidence justifies a reduction in his sentence of imprisonment or Supervised Release.

4. Petitioner's Motion to Extend Deadline to File a Memorandum of Law in Support of his Motion to Vacate (Docket No. 135) is ALLOWED.

5. Petitioner's Motion for a New Trial (Docket No. 156) is DENIED.

                                                                  /s/ Mark L. Wolf
                                                  UNITED STATES DISTRICT JUDGE