# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim No. 13-CR-10292-MLW |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT BURTON | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## DECLARATION OF REBECCA ISRAEL

I, Rebecca Israel, declare the following:

1. I am an attorney in the Enforcement Division at the Boston Regional Office of the Securities and Exchange Commission ("SEC").

2. I was the attorney assigned to the "follow-on" administrative proceeding on behalf of the Division of Enforcement against Robert Burton, and I handled the litigation of that matter in front of an SEC Administrative Law Judge. A copy of the SEC's Order instituting that proceeding ("OIP") is attached hereto as Exhibit 1.

3. The SEC initiated the aforementioned proceeding following Burton's convictions for securities fraud in *United States v. Robert Burton*, 13-cr-10292-MLW. The SEC did not conduct an independent factual investigation of the circumstances that led to Burton's convictions.

4. The facts alleged in the SEC's administrative proceeding against Burton were sourced entirely from publicly filed documents that I provided to Burton, along with a November

1

30, 2015 cover letter identifying those documents. That cover letter identifying those materials is attached hereto as Exhibit 2.

5.  I never advised Burton, orally or in writing, that the losses incurred by victims of the securities fraud charges were any more or less than the amounts indicated in the publicly filed documents in the case *United States v. Robert Burton*, 13-cr-10292-MLW.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on April 19, 2017.

/s/ *Rebecca Israel*
Rebecca Israel

2

# EXHIBIT 1

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

INVESTMENT ADVISERS ACT OF 1940
Release No. 4244 / October 27, 2015

ADMINISTRATIVE PROCEEDING
File No. 3-16926

| | |
|---|---|
| In the Matter of<br><br>ROBERT BURTON,<br><br>Respondent. | ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 203(f) OF THE INVESTMENT ADVISERS ACT OF 1940 AND NOTICE OF HEARING |

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act") against Robert Burton ("Respondent" or "Burton").

**II.**

After an investigation, the Division of Enforcement alleges that:

A.  <u>RESPONDENT</u>

1. From at least 2007 through June, 2013, Burton—an individual who resided in Massachusetts—was associated with an unregistered investment advisor, and acted as an investment adviser when he owned and operated a business under various names, including, but not limited to, Pinnacle Financial Consulting, LLC, Pinnacle Strategic Investments, LLC, Pinnacle Asset and Capital Management LLC, Pinnacle Financial and Legal Solutions, LLC, Pinnacle Management Group, LLC, and Pinnacle Holdings, LLC (collectively, "Pinnacle"). Pinnacle provided various financial services to clients, including tax preparation, investment advising, loan modification, debt consolidation, and bankruptcy petition preparation.

1

B. RESPONDENT'S CRIMINAL CONVICTION

2. On August 21, 2014, before the United States District Court for the District of Massachusetts, in United States v. Robert Burton, Case No. 13-cr-10292, Burton pled guilty to five counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff and in violation of 17 C.F.R. § 240.10b-5; two counts of procuring false tax returns in violation of 26 U.S.C. § 7206(2); and four counts of subscribing false tax returns, in violation of 26 U.S.C. § 7206(1). On December 23, 2014, the Court entered judgment in the criminal case and sentenced Burton to a prison term of 48 months followed by three years of supervised release, and ordered Burton to make restitution in the amount of $159,500.

3. In connection with his guilty plea, Burton admitted that, between 2007 and June 2013, Burton, through Pinnacle, obtained not less than $150,000 from various investors by falsely representing that he would invest such monies on behalf of those investors. In actuality, Burton did not invest the monies as promised, and, upon receiving funds from investors, Burton routinely deposited the money into his business bank accounts and subsequently paid business and personal expenses with those funds. His victims included, among others, an active duty Army chaplain, to whom Burton represented that Burton was a financial advisor who would open an IRA on his behalf, and a husband and wife who sought mortgage modification services from Burton and subsequently liquidated their Fidelity investments retirement account to give $40,000 to Burton. Two other victims gave Burton $40,000 and $25,000 respectively for investment. Burton concealed the misappropriation of investor funds by, among other things, providing investors with false account information and investment updates (including fabricated printouts purporting to detail holdings in various publicly traded stocks) and checks that ultimately bounced. Burton even provided some of his victims with log-in credentials for a website to view falsified account balances and purported holdings in the "Pinnacle Strategic Investments Ram 2100 Fund," the "US Currency Fund," and the "Pinnacle Debt Portfolio 2020." Burton also willfully advised the preparation and presentation of federal Individual Income Tax Returns (Forms 1040), which tax returns, as Burton knew and believed, were fraudulent and false as to material matters. Burton also signed tax returns under penalties of perjury that he did not believe to be true and correct as to certain material matters.

C. ENTRY OF CIVIL INJUNCTION AGAINST RESPONDENT

4. On March 17, 2015, the Suffolk County (Massachusetts) Superior Court, in Commonwealth v. Pinnacle Financial Consulting, LLC, Civil Action No. 13-0812B, entered a final judgment and permanent injunction against defendants Pinnacle and Burton, finding that those defendants committed numerous violations of the Massachusetts Consumer Protection Act, which included making misrepresentations regarding investment related services, loan modification services, and bankruptcy petition preparation services; engaging in the unauthorized practice of law; failing to provide promised services to consumers; and converting fees and other monies paid to them by consumers. The court assessed damages of $1,906,840.45 (consisting of restitution in the amount of $1,241,840.45 and civil penalties of $665,000) and enjoined Burton and Pinnacle

from engaging in investment advising services, loan modification services, bankruptcy petition preparation services, and the practice of law.

### III.

In view of the allegations made by the Division of Enforcement, the Commission deems it necessary and appropriate in the public interest that public administrative proceedings be instituted to determine:

A. Whether the allegations set forth in Section II hereof are true and, in connection therewith, to afford Respondent an opportunity to establish any defenses to such allegations; and

B. What, if any, remedial action is appropriate in the public interest against Respondent pursuant to Section 203(f) of the Advisers Act.

### IV.

IT IS ORDERED that a public hearing for the purpose of taking evidence on the questions set forth in Section III hereof shall be convened at a time and place to be fixed, and before an Administrative Law Judge to be designated by further order as provided by Rule 110 of the Commission's Rules of Practice, 17 C.F.R. § 201.110.

IT IS FURTHER ORDERED that Respondent shall file an Answer to the allegations contained in this Order within twenty (20) days after service of this Order, as provided by Rule 220 of the Commission's Rules of Practice, 17 C.F.R. § 201.220.

If Respondent fails to file the directed answer, or fails to appear at a hearing after being duly notified, the Respondent may be deemed in default, and the proceedings may be determined against him upon consideration of this Order, the allegations of which may be deemed to be true as provided by Rules 155(a), 220(f), 221(f) and 310 of the Commission's Rules of Practice, 17 C.F.R. §§ 201.155(a), 201.220(f), 201.221(f) and 201.310.

This Order shall be served forthwith upon Respondent as provided for in the Commission's Rules of Practice.

IT IS FURTHER ORDERED that the Administrative Law Judge shall issue an initial decision no later than 210 days from the date of service of this Order, pursuant to Rule 360(a)(2) of the Commission's Rules of Practice.

In the absence of an appropriate waiver, no officer or employee of the Commission engaged in the performance of investigative or prosecuting functions in this or any factually related proceeding will be permitted to participate or advise in the decision of this matter, except as witness

or counsel in proceedings held pursuant to notice. Since this proceeding is not "rule making" within the meaning of Section 551 of the Administrative Procedure Act, it is not deemed subject to the provisions of Section 553 delaying the effective date of any final Commission action.

    By the Commission.

                                        Brent J. Fields
                                        Secretary

# EXHIBIT 2



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BOSTON REGIONAL OFFICE
33 ARCH STREET
23RD FLOOR
BOSTON, MA 02110-1424

ENFORCEMENT
DIVISION

Rebecca Israel
Senior Enforcement Counsel
(617) 573-4582
israelr@sec.gov

November 30, 2015

Robert Burton
Prisoner ID #95502038
FMC Devens – Satellite Camp
P.O. Box 879
Ayer, MA 01432

Re:   In the Matter of Robert Burton, AP No. 3-16926

Dear Mr. Burton:

Enclosed are the discovery materials related to your case. As I have explained, in response to your question regarding the bases for the proposed findings of fact enclosed in a prior mailing I sent to you in an attempt to settle this matter before proceeding with litigation, the proposed findings were based on publicly available information from the filed documents in the cases *United States v. Burton*, Case No. 13-cr-10292 (D. Mass.), and *Commonwealth v. Pinnacle Financial Consulting, LLC, et al.*, Civil Action No. 13-0812B (Mass. Sup. Ct.). These documents are enclosed herein.

Sincerely,

Rebecca Israel
Senior Enforcement Counsel

**7006 0100 0001 0167 3082**

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Robert Burton Brown, ID#
Street, Apt. No.; FMC Devens - Stellite Camp
or PO Box No. P.O. Box 879
City, State, ZIP+4 Ayer, MA 01432

PS Form 3800, June 2002                 See Reverse for Instructions

75570263

75510 MI 5700, IN 01432