UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No.: 13-10292-MLW |
| ROBERT BURTON, | ) ) ) | |
| Defendant. | ) ) | |

## GOVERNMENT'S TRIAL BRIEF

On August 21, 2014, the defendant, Robert Burton, pleaded guilty to all counts of the Second Superseding Indictment in this case, charging him with securities fraud, in violation of 15 U.S.C. §§78j(b) & 78ff and 17 C.F.R. §240.10-b5, procuring false tax returns, in violation of 26 U.S.C. §7206(2), and subscribing false tax returns, in violation of 26 U.S.C. §7206(1). *See* Plea Hearing Transcript, Dkt. No. 172 at 25. Although Burton initially pleaded guilty to the charges pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), he later breached the agreement by failing to make an agreed-upon restitution payment, and the Court provided him with an opportunity to withdraw his plea. *See* Sentencing Hearing Transcript, Dkt. No. 173 at 8. Burton chose not to do so, and was ultimately sentenced to 48 months in prison, to be followed by three years of supervised release. As a condition of his supervised release, Burton was ordered to pay restitution of $159,500 to five victims, including $50,000 due January 19, 2015, and was further ordered to pay restitution of $271,640 to the Internal Revenue Service. *See* Dkt. No. 125.[1]

---

[1] Burton subsequently filed an appeal, which he withdrew, and continued to file numerous requests to amend his sentence and restitution order, as well as two Motions to Vacate, Set Aside or Correct Sentence, Pursuant to 28 U.S.C. §2255.

Burton was released from prison on or about March 29, 2018 and is currently on supervised release. He stands charged with violating the conditions of his release in four ways: (1) incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while his financial obligations remain outstanding; (2) associating with any person convicted of a felony without permission from his probation officer; (3) failing to pay restitution; and (4) failing to truthfully answer all inquiries by his probation officer. The hearing in this matter is scheduled to begin on October 1, 2020, and to continue, if necessary, on October 5 and 6, 2020.

## Background

With respect to the first charge, the Probation Office's Amended Petition alleges that, without seeking permission from his Probation Officer, Burton and another individual, Keith Pinson, entered into an agreement, through their respective corporate entities, pursuant to which Pinson agreed to provide Burton with the use of two credit cards. The Petition further alleges that Burton used the cards for personal expenses, but did not pay the credit card bills as agreed with Pinson, despite repeatedly promising that he would do so.

With respect to the second charge, the Petition alleges that Burton associated with three convicted felons, Shaheen Curry, Robert Conley, and Russell Rose, each of whom was incarcerated at the time. Although not noted in the Petition, Burton's association with Pinson was likewise prohibited by the terms of Burton's supervised release, because Pinson is also a convicted felon.

With respect to the third charge, the Petition alleges that Burton failed to pay Court-ordered restitution in the amount of $450 monthly for the months of May through September 2019, and has likewise failed to pay restitution from November 2019 to the present. Although not noted in

the Petition, Burton also failed to pay the $50,000 restitution payment that he initially agreed to pay prior to his sentencing, and that he was subsequently ordered to pay by January 19, 2015.

With respect to the fourth charge, the Petition alleges that Burton falsely advised Supervising U.S. Probation Officer Brett Wingard that he had paid half of his Court-ordered restitution of $159,000. The Petition also alleges that on July 20, 2019 and September 11, 2019, Burton falsely advised the Probation Office that he was moving to Andover, MA from Somerville, MA to be closer to family members who could help with childcare, and that the Somerville space was not large enough for them. In fact, Burton moved to Andover because he was evicted from his Somerville apartment for failure to pay rent. Likewise, although not noted in the Petition, Burton was evicted or required to move from two prior apartments for failure to pay rent and because he harassed a prior landlord.

## Evidence

The following is a summary of key evidence the government currently anticipates offering in its case-in-chief.

### A. Law Enforcement Witnesses

The government expects to call two law enforcement witnesses: Probation Officer Kaileen Paiva and Special Agent Ryan Lane of the Federal Bureau of Investigation ("FBI").

The government expects that Probation Officer Paiva will testify about Burton's restitution payments to date and his interactions with the Probation Department, including representations Burton made about his purported income, the restitution he purportedly paid to his victims, and the reasons that he purportedly relocated apartments. Probation Officer Paiva is also expected to testify that Burton denied having contact with convicted felons other than one individual identified in a disclosure to Probation, and that he denied taking new lines of credit.

The government expects that Special Agent Lane will introduce certain correspondence and other records relating to the defendant, including but not limited to: (1) a recorded interview of the defendant by staff of the Securities and Exchange Commission; (2) contractual agreements the defendant entered into with Pinson, including an agreement to secure the use of Pinson's credit; (3) correspondence with Pinson in which Burton acknowledged his use of Pinson's credit and promised to repay the debt; (4) falsified apartment rental applications and supporting documents Burton submitted to several landlords; (5) correspondence related to the apartment rentals; (6) police reports related to Burton's interactions with one of his landlords; and (7) court filings related to the termination of Burton's residency in two of those apartments. The government will also seek to introduce various Bureau of Prisons records through Special Agent Lane, including emails and recordings of telephone calls placed by inmate Robert Conley, and emails exchanged between Burton and inmate Russell Rose, as well as records reflecting Burton's payment to inmate Shaheen Curry. Special Agent Lane will also introduce federal tax returns of Burton and his corporate entity, Bear Atlas Ventures, and summarize financial records demonstrating Burton's use of Pinson's credit and funds Pinson invested in Burton's company.[2] Special Agent Lane is also expected to testify that, based on his review of Burton's financial records, and his interviews of Burton's victims, Burton did not make restitution payments to his victims beyond the minimal payments reflected in court records.

Through this evidence, the government expects to prove that Burton secured the use of Pinson's credit, promised but failed to repay that debt, and associated with multiple individuals who are convicted felons, all in violation of the terms of his supervised release. The government

---

[2] The summary aspect of Special Agent Lane's testimony will limit the need to introduce and review voluminous underlying financial records. The government has provided a draft summary exhibit to the defendant.

will also prove that Burton falsified his applications for various apartment rentals, and was evicted or forced to vacate those apartments for non-payment of rent and harassment of his landlord, in contravention of representations he made to the Probation Office.  Finally, the evidence will prove that Burton misled the Probation Office (and others) about his income, his ability to pay restitution, the restitution payments he had made, and the reasons that he repeatedly moved his residence.

### B.  Other Witnesses

The government may call one or more civilian witnesses to testify about their interactions with Burton relating to the above-described topics.

For example, the government may call Keith Pinson to testify about his business dealings with Burton, including his agreement to invest in Burton's company and to allow Burton to utilize two lines of credit, Burton's repeated promises to repay that debt, and his failure to do so.

The government may call three of Burton's prior landlords, or their representatives, to testify about representations Burton made in applications to rent their apartments, including about his income and purported lack of criminal history.  If called, these individuals are also expected to testify about Burton's failure to pay rent and the reasons he vacated their apartments, which in one case involved Burton's extended campaign of harassment targeting an elderly landlord and her daughter.

The government may also call three of Burton's victims, who will testify that they have not received restitution from Burton directly beyond the minimal amounts of restitution he paid through the Court.

**Other Matters**

A.  <u>Electronic Presentation of Evidence</u>

The government intends to present its evidence in electronic format using Trial Director. The government anticipates that Dylan McManus, a paralegal with the U.S. Attorney's Office, will operate Trial Director and will also be available to assist defense counsel with the presentation of government exhibits.

B.  <u>Case Agent</u>

With the Court's permission, the FBI Special Agent Ryan Lane, the case agent in the investigation, will sit at counsel table.

C.  <u>Draft Transcripts</u>

The government is preparing draft transcripts of recorded calls as an aid to the Court.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ Stephen E. Frank*
Stephen E. Frank
Assistant U.S. Attorney

Dated: September 15, 2020

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2020, this document was filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

*/s/ Stephen E. Frank*
STEPHEN E. FRANK